UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LOUIS BLANK,

          Plaintiff,

   v.

SACRAMENTO COUNTY SHERIFF, OFFICER RODRIGUEZ,

          Defendants.

No. 2:17-cv-00300 TLN GGH

ORDER

     Plaintiff sues in pro se for alleged violations of his civil rights under 42 U.S.C. section 1983. ECF No. 1. This proceeding was referred to this court under Local Rule 302(21) and 28 U.S.C. section 636(b)(1). Plaintiff has also submitted an affidavit making the showing required by 28 U.S.C. 1915(a) seeking to proceed in forma pauperis. The court has determined that plaintiff meets the requirements for this status and the request to proceed in forma pauperis will therefore be granted. However, merely determining eligibility for in forma pauperis status does not conclude the court's duties.

     The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1

1  or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §
2  1915(e)(2).
3  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–1228
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are "clearly baseless."
7  Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not
8  only the inarguable legal conclusion, but also the fanciful factual allegation."  Id. at 325.

## DISCUSSION

10  A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S.
11  Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction.  Avitts
12  v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only
13  by pleading a cause of action within the court's original jurisdiction.  Id.  Here plaintiff has filed a
14  one page, handwritten Complaint which says no more than that a Deputy Sheriff approached him
15  and told him to leave a public place and not to return which, he contends, resulted in a violation
16  of his civil rights.  This brief statement does not meet plaintiff's obligation to state the basis of the
17  court's jurisdiction in the complaint.

18  A.  JURISDICTION

19  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
20  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
21  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
22  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
23  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
24  Hood, 327 U.S. 678, 682 (1945).  A federal claim which is so insubstantial as to be patently
25  without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S.
26  528, 537-538 (1974).
27  Simple reference to federal law does not create subject-matter jurisdiction.  Avitts v.
28  Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by

1  pleading a cause of action within the court's original jurisdiction.  Id.  Section 1983; however, is
2  merely the statutory vehicle for pursuing damages claims arising from federal constitutional and
3  statutory violations committed by government officials.  Section 1983 does not create any
4  substantive rights.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only
5  the deprivation of a right secured by the Constitution or laws of the United States, but that
6  defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7  B.     PLEADING REQUIREMENTS

8        The requirement of a short and plain statement means a complaint must include "sufficient
9  allegations to put defendants fairly on notice of the claims against them." McKeever v. Block,
10 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller, Federal Practice and Procedure §
11 1202 (2d ed. 1990).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.
12 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice
13 requirement of Rule 8.)  Here, the complaint does not contain sufficient allegations to put
14 defendants fairly on notice.  Plaintiff's Complaint does not articulate how defendants' actions
15 violate his civil rights, i.e., what right was violated.  He does not articulate the nature of the injury
16 he suffered, i.e., personal injury, unlawful search or seizure, etc.  See Conley v. Gibson, 355 U.S.
17 41, 47 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and
18 scanty allegations fail to satisfy the notice requirement of Rule 8).

19       Further, plaintiff purports to sue the Sheriff's Department.  The U.S. Supreme Court has
20 held that local governmental entities, e.g., cities, counties, and local agencies sued in their official
21 capacity, are "persons" for purposes of section 1983, rendering them directly liable for
22 constitutional violations if carried out pursuant to local policies or customs.  McMillian v.
23 Monroe County, 520 U.S. 781, 784-785 (1997); Monell v. New York City Dept. of Social
24 Services, 436 U.S. 658, 690-692(1978).  Plaintiff here has done no more than identify the
25 Sheriff's Department as a defendant in the caption to his complaint.  This is insufficient to allow
26 him to maintain the action against this state entity.

27 C.     CONCLUSION

28       Given the vague, threadbare state of plaintiff's allegations, the court declines to permit the

3

1  action to proceed as it is presently pleaded.  Instead of dismissing the case with prejudice,
2  however, plaintiff will be granted leave to file an amended complaint, if he can allege a
3  cognizable legal theory against proper defendants and sufficient facts in support of that
4  cognizable legal theory.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
5  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
6  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
7  shall clearly set forth the claims and allegations against each defendant.  Any amended complaint
8  must cure the deficiencies identified above and also adhere to the following requirements:
9       Any amended complaint must identify as a defendant only persons who personally
10 participated in a substantial way in depriving him of a federal constitutional right.  Any amended
11 complaint must identify as a defendant only persons who personally participated in a substantial
12 way in depriving him of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th
13 Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,
14 participates in another's act or omits to perform an act he is legally required to do that causes the
15 alleged deprivation).
16      In light of the foregoing, it is hereby ordered that:
17      1.     Plaintiff's complaint is dismissed without prejudice;
18      2.     Plaintiff may file an amended complaint in compliance with the directions above
19  within 21 days of  the service of this Order;
20      3.     Plaintiff is notified that failure to comply with this order may result in a
21 recommendation that his complaint be dismissed with prejudice.
22 **IT IS SO ORDERED.**
23 Dated: February 22, 2017

                          /s/ Gregory G. Hollows
24                  UNITED STATES MAGISTRATE JUDGE
25
26
27
28